**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA KATHRYN OBRIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:19-cv-700 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Patricia Kathryn Obrien initiated this action by filing a complaint on May 20, 2019, seeking judicial review of the decision to deny her application for Social Security benefits. (Doc. 1) On May 24, 2019, the Court issued its Scheduling Order, setting forth the deadlines governing the action. (Doc. 5)

The Commissioner of Social Security filed the certified administrative record in the matter on October 8, 2019. (Doc. 9) Pursuant to the terms of the Scheduling Order, within thirty days of the filing of the administrative record, Plaintiff was to serve "a letter brief outlining the reasons why [she] … contends that a remand is warranted," and file "proof of service reflecting that the letter brief was served." (Doc. 5 at 2) Thus, Plaintiff was to serve a confidential letter brief no later than November 5, 2019. However, Plaintiff has not filed a proof of service, and she did not request an extension of time to comply with the deadline.

---

[1] This action was originally brought against Nancy A. Berryhill in her capacity as then-Acting Commissioner. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted. *See* Fed. R. Civ. P. 25(d).

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days why the action should not be dismissed for her failure to follow the Court's order and failure to prosecute the action or to serve a confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: __**November 8, 2019**__  _____/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE

2